# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

CAPITAL ONE, N.A., d/b/a CAPITAL ONE
AUTO FINANCE,

      Plaintiff,

v.

FENTON NISSAN OF LEE'S SUMMIT, LLC;
AND FENTON NISSAN OF TIFFANY
SPRINGS, LLC,

      Defendants.
_____/

CASE NO. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Capital One, N.A. d/b/a Capital One Auto Finance ("COAF"), by counsel, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, submits this Complaint against Fenton Nissan of Lee's Summit, LLC d/b/a Fenton Nissan of Lee's Summit ("Lee's Summit Fenton") and Fenton Nissan of Tiffany Springs, LLC d/b/a Fenton Nissan of Tiffany Springs ("Tiffany Springs Fenton") (collectively, the "Fenton Dealers") and alleges as follows:

### INTRODUCTION

1. The Fenton Dealers are independent car dealerships, owned and managed by members of the Fenton family.

2. Per their respective Dealer Agreements with COAF, both of the Fenton Dealers sold to COAF chattel paper related to the financing of the Fenton Dealers' sale of vehicles to individual purchasers (the "Receivables").

3. As part of the process of selling Receivables to COAF, each of the Fenton Dealers submits documents and makes representations, warranties, and covenants to COAF so that COAF can conduct an approval analysis on whether to agree to purchase the Receivables.

4. COAF brings this lawsuit because, in at least 12 separate occasions, Lee's Summit Fenton breached its Dealer Agreement with COAF.

5. COAF also brings this lawsuit because, in at least 18 separate occasions, Tiffany Springs Fenton breached its Dealer Agreement with COAF.

6. As stated in more detail below, Defendants' actions raise claims for breach of contract and breach of representations and warranties.

**PARTIES**

7. COAF is a national bank with its main office, as set forth in its Articles of Association, located at 1680 Capital One Drive, McLean, Virginia.

8. Defendant Lee's Summit Fenton is a limited liability company organized under the laws of the State of Missouri. Lee's Summit Fenton is car dealership located at 1025 SE Oldham Pkwy, Lee's Summit, MO 64081 and maintaining a registered agent at 120 South Central Avenue, Clayton, Missouri 63105.

9. Defendant Tiffany Springs Fenton is a limited liability company organized under the laws of the State of Missouri. Tiffany Springs Fenton is a car dealership located at 9600 NW Prairie View Road, Kansas City, MO 64153 and maintaining a registered agent at 120 South Central Avenue, Clayton, Missouri 63105.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

11. COAF is a citizen of the Commonwealth of Virginia.

12. On information and belief, Defendants are all citizens of the State of Missouri and are not citizens of the Commonwealth of Virginia.

13. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The amount in controversy is approximately four hundred eighty-nine thousand two hundred twenty-eight dollars and twenty-five cents ($489,228.25). Additionally, Defendants' conduct has resulted in recoverable damages and losses to COAF including its attorneys' fees.

14. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND FACTS

### Agreements between COAF and the Fenton Dealers

15. Lee's Summit Fenton and COAF entered into a Dealer Agreement on or around February 3, 2014.

16. Tiffany Springs Fenton and COAF entered into a Dealer Agreement on or around November 11, 2013.

17. Through its respective Dealer Agreement with COAF, each of the Fenton Dealers agreed to sell, and COAF agreed to purchase, at its sole discretion, "promissory notes, contracts, security agreements, guaranties, chattel documents, financing instruments and other documents acquired by [Lee's Summit Fenton] as part of the financing of the purchase of the new and/or used motor vehicles . . . [(collectively, the "Receivables")]."

18. Through its respective Dealer Agreement with COAF, each of the Fenton Dealers made several representations, warranties, and covenants regarding the Receivables they sold to COAF. These representations, warranties, and covenants include but are not limited to:

    a. that all Receivables offered by Dealer to COAF are valid deferred payment obligations for the amount therein set forth covering new and/or used motor vehicles owned by Dealer free and clear of all liens and encumbrances (except liens and encumbrance created by the Receivables) and are free and clear of any prior outstanding inventory financing security interest;

    b. DEALER has properly filed of record the Debtor's obligation and grant of security interest within 20 days of the sale date in the subject motor vehicle [and] Dealer has properly perfected said security interest according to applicable law and said security interest shows COAF as the secured party or as the proper assignee of the secured party;

    c. DEALER has obtained a certificate of title for the subject motor vehicle reflecting COAF as the primary lien holder; and

    d. that the sale and related financing of the subject new and/or used motor vehicle and all matters related thereto comply in all material respects, and was consummated in strict compliance with all requirements of applicable federal, state, and local laws, and regulations thereunder, including, without limitations, usury laws, the uniform Consumer Credit Code, and other consumer credit laws and equal credit opportunity and disclosure laws.

19. Both of the Dealer Agreements state:

> At any time prior to the scheduled maturity of any receivable and upon notice and demand from COAF, the Dealer hereby agrees to repurchase from COAF any Receivable for which there has been a breach of one or more of the Dealer's representations and warranties as set forth in Paragraph 1 above. In the event that Dealer is required to repurchase any Receivable pursuant to this Paragraph 3, the

Dealer's repurchase price shall be equal to the total outstanding indebtedness then currently due under the terms of said Receivable.

**Lee's Summit Fenton's Misrepresentations and Breaches of its Dealer Agreement**

20. Between October 3, 2017 and July 25, 2018, Lee's Summit Fenton sold at least 12 Receivables to COAF in which Lee's Summit Fenton breached its Dealer Agreement, breached its representations, warranties, and covenants, and misrepresented material facts to COAF as established below.

21. In nine Receivables, Lee's Summit Fenton breached the Dealer Agreement and its representations, warranties, and covenants by failing to perfect COAF's security interest on the vehicles, and failing to obtain a certificate of title reflecting COAF as the primary lienholder on those vehicles.

22. These Receivables include Application IDs 112028656, 139601926, 141858291, 143796641, 144437947, 148909979, 154161424, 154751253, and 155449963.

23. In one Receivable, Lee's Summit Fenton breached the Dealer Agreement and its representations, warranties, and covenants by charging sales tax when no sales tax should have been charged because the borrower was an out-of-state purchaser.

24. This Receivable includes Application ID 151130544.

25. In one Receivable, Lee's Summit Fenton breached the Dealer Agreement because it failed to reimburse COAF for $3,804.51 it rebated to the borrower due to the Receivables being prepaid or otherwise terminated prior to its scheduled maturity.

26. This Receivable includes Application ID 154597548.

27. Lee's Summit Fenton breached the Dealer Agreement by failing to pay COAF the chargeback amount of $1,169.45 for unearned income arising from prepayment or cancellation of a Receivable.

5

28.  This Receivable includes Application ID 146127886.

**Tiffany Springs Fenton's Misrepresentations and Breaches of its Dealer Agreement**

29.  Between October 3, 2017 and July 20, 2018, Tiffany Springs Fenton sold at least 18 Receivables to COAF in which Tiffany Springs Fenton breached its Dealer Agreement, breached its representations, warranties, and covenants, and misrepresented material facts to COAF as established below.

30.  In 13 Receivables, Tiffany Springs Fenton breached the Dealer Agreement and its representations, warranties, and covenants by failing to perfect COAF's security interest on the vehicles, and failing to obtain a certificate of title reflecting COAF as the primary lienholder on those vehicles.

31.  These Receivables include Account Numbers xx8491, xx2389, xx4063, xx4128, xx9919, xx7621, xx0141, xx7431, xx8218, xx9987, xx1688, xx1025, and xx8474.

32.  In two Receivables, Tiffany Springs Fenton breached the Dealer Agreement because it failed to reimburse COAF for $2,997.34 that COAF rebated to borrowers due to the Receivables being prepaid or otherwise terminated prior to its scheduled maturity.

33.  These Receivables include Account Numbers xx3602, and xx7431.

34.  In three Receivables, Tiffany Springs Fenton breached the Dealer Agreement by failing to pay COAF the chargeback amount of $2,116.18 for unearned income arising from prepayment or cancellation of Receivables.

35.  These Receivables include Application IDs 154192759, 154476038, 154447787.

## COUNTS

**Count I: Breach of Representation, Warranty, and Covenant**
**(Nine claims related to Unperfected Titles against Lee's Summit Fenton)**

36. Paragraphs 1-35 are incorporated into this count by reference as if fully stated herein.

37. Lee's Summit Fenton entered into a Dealer Agreement with COAF.

38. In the Dealer Agreement, Lee's Summit Fenton represented, warranted, and covenanted:

    a. that all Receivables offered by Dealer to COAF are valid deferred payment obligations for the amount therein set forth covering new and/or used motor vehicles owned by Dealer free and clear of all liens and encumbrances (except liens and encumbrance created by the Receivables) and are free and clear of any prior outstanding inventory financing security interest;

    b. DEALER has properly filed of record the Debtor's obligation and grant of security interest within 20 days of the sale date in the subject motor vehicle [and] Dealer has properly perfected said security interest according to applicable law and said security interest shows COAF as the secured party or as the proper assignee of the secured party;

    c. DEALER has obtained a certificate of title for the subject motor vehicle reflecting COAF as the primary lien holder; and

    d. that the sale and related financing of the subject new and/or used motor vehicle and all matters related thereto comply in all material respects, and was consummated in strict compliance with all requirements of applicable federal, state, and local laws, and regulations.

39. Lee's Summit Fenton breached its representations, warranties, and covenants because it failed to perfect COAF's security interest on the vehicles in Receivables identified

7

above, and failed to obtain a certificate of title reflecting COAF as the primary lienholder on those vehicles.

40. Lee's Summit Fenton breached its representations, warranties, and covenants because, on information and belief, the vehicles are not free and clear of any prior outstanding inventory financing security interest.

41. Through the Dealer Agreement, Lee's Summit Fenton:

> agrees to repurchase from C.O.A.F. any Receivable for which there has been a breach of one or more of the Dealer's representations and warranties as set forth in Paragraph 1, above. In the event that Dealer is required to repurchase any Receivable pursuant to this Paragraph 3, the Dealer's repurchase price shall be equal to the total outstanding indebtedness then currently due under the terms of said Receivable.

42. Lee's Summit Fenton's Dealer Agreement further states that it will indemnify COAF for all "loss of principal or interest" and "[a]ttorney's fees, court costs of investigation and related costs" for "any breach of the any of the Dealer's representations, warranties and covenants contained in this Agreement."

### Count II: Breach of Representation, Warranty, and Covenant
### (13 claims related to Unperfected Titles against Tiffany Springs Fenton)

43. Paragraphs 1-35 are incorporated into this count by reference as if fully stated herein.

44. Tiffany Springs Fenton entered into a Dealer Agreement with COAF.

45. In the Dealer Agreement, Tiffany Springs Fenton represented, warranted, and covenanted:

    a. that all Receivables offered by Dealer to COAF are valid deferred payment obligations for the amount therein set forth covering new and/or used motor vehicles owned by Dealer free and clear of all liens and encumbrances (except liens and encumbrance

8

created by the Receivables) and are free and clear of any prior outstanding inventory financing security interest;

   b. DEALER has properly filed of record the Debtor's obligation and grant of security interest within 20 days of the sale date in the subject motor vehicle [and] Dealer has properly perfected said security interest according to applicable law and said security interest shows COAF as the secured party or as the proper assignee of the secured party;

   c. DEALER has obtained a certificate of title for the subject motor vehicle reflecting COAF as the primary lien holder; and

   d. that the sale and related financing of the subject new and/or used motor vehicle and all matters related thereto comply in all material respects, and was consummated in strict compliance with all requirements of applicable federal, state, and local laws, and regulations.

  46. Tiffany Springs Fenton breached its representations, warranties, and covenants because it failed to perfect COAF's security interest on the vehicles in Receivables identified above, and failed to obtain a certificate of title reflecting COAF as the primary lienholder on those vehicles.

  47. Tiffany Springs Fenton breached its representations, warranties, and covenants because, on information and belief, the vehicles are not free and clear of any prior outstanding inventory financing security interest.

  48. Through the Dealer Agreement, Tiffany Springs Fenton:

> agrees to repurchase from C.O.A.F. any Receivable for which there has been a breach of one or more of the Dealer's representations and warranties as set forth in Paragraph 1, above. In the event that Dealer is required to repurchase any Receivable pursuant to this Paragraph 3, the Dealer's repurchase price shall be equal to the total outstanding indebtedness then currently due under the terms of said Receivable.

9

49. Tiffany Springs Fenton's Dealer Agreement further states that it will indemnify COAF for all "loss of principal or interest" and "[a]ttorney's fees, court costs of investigation and related costs" for "any breach of the any of the Dealer's representations, warranties and covenants contained in this Agreement."

## Count III: Breach of Representation, Warranty, and Covenant
### (One claim related to Improper Sales Tax against Lee's Summit Fenton)

50. Paragraphs 1-35 are incorporated into this count by reference as if fully stated herein.

51. Lee's Summit Fenton entered into a Dealer Agreement with COAF.

52. Lee's Summit Fenton represented, warranted, and covenanted that "the sale and related financing of the subject new and/or used motor vehicle and all matters related thereto comply in all material respects, and was consummated in strict compliance with all requirements of applicable federal, state, and local laws, and regulations thereunder, including, without limitations, usury laws, the uniform Consumer Credit Code, and other consumer credit laws and equal credit opportunity and disclosure laws."

53. Lee Summit Fenton breached its representations, warranties, and covenants because it charged sales tax to a borrower in a Receivable identified above when there should have been no sales tax charged because the borrower was an out-of-state purchaser.

54. Through the Dealer Agreement, Lee's Summit Fenton:

agrees to repurchase from C.O.A.F. any Receivable for which there has been a breach of one or more of the Dealer's representations and warranties as set forth in Paragraph 1, above. In the event that Dealer is required to repurchase any Receivable pursuant to this Paragraph 3, the Dealer's repurchase price shall be equal to the total outstanding indebtedness then currently due under the terms of said Receivable.

55. Lee's Summit Fenton's Dealer Agreement further states that it will indemnify COAF for all "loss of principal or interest" and "[a]ttorney's fees, court costs of investigation and related costs" for "any breach of the any of the Dealer's representations, warranties and covenants contained in this Agreement."

### Count IV: Breach of Contract
### (12 claims against Lee's Summit Fenton)

56. Paragraphs 1-35 are incorporated into this count by reference as if fully stated herein.

57. Lee's Summit Fenton entered into a Dealer Agreement with COAF.

58. In the Dealer Agreement, Lee's Summit Fenton:

agrees to repurchase from C.O.A.F. any Receivable for which there has been a breach of one or more of the Dealer's representations and warranties as set forth in Paragraph 1, above. In the event that Dealer is required to repurchase any Receivable pursuant to this Paragraph 3, the Dealer's repurchase price shall be equal to the total outstanding indebtedness then currently due under the terms of said Receivable.

59. Lee's Summit Fenton breached multiple representations, warranties, and covenants in the Dealer Agreement.

60. COAF demanded that Lee's Summit Fenton repurchase the Receivables under the Dealer Agreement.

61. COAF has performed all its obligations under the Dealer Agreement.

62. Lee's Summit Fenton refused to honor its contractual obligation to repurchase the Receivables thereby materially breaching the Dealer Agreement.

63. Lee's Summit Fenton also breached Paragraph 6 of the Dealer Agreement.

64. Paragraph 6 allows Capital One to charge Lee's Summit Fenton for any indebtedness of Lee's Summit Fenton to COAF arising from rebates paid by COAF related to Receivables that are pre-paid or terminated prior to maturity.

65. COAF paid such rebates.

66. To date, Lee's Summit Fenton has not reimbursed COAF for those amounts.

67. COAF has suffered financial damages by the breach because it holds Receivables with higher risk profiles than what COAF had bargained for.

68. COAF was further damaged by Lee's Summit Fenton's failure to repurchase the Receivables in an amount equal to the total outstanding indebtedness then currently due under the terms of said Receivables.

69. COAF was further damaged by $4,973.96, which Lee's Summit Fenton has not reimbursed it under Paragraph 6 of its Dealer Agreement.

## Count V: Breach of Contract
### (18 claims against Tiffany Springs Fenton)

70. Paragraphs 1-35 are incorporated into this count by reference as if fully stated herein.

71. Tiffany Springs Fenton entered into a Dealer Agreement with COAF.

72. In the Dealer Agreement, Tiffany Springs Fenton:

agrees to repurchase from C.O.A.F. any Receivable for which there has been a breach of one or more of the Dealer's representations and warranties as set forth in Paragraph 1, above. In the event that Dealer is required to repurchase any Receivable pursuant to this Paragraph 3, the Dealer's repurchase price shall be equal to the total outstanding indebtedness then currently due under the terms of said Receivable.

73. Tiffany Springs Fenton breached multiple representations, warranties, and covenants in the Dealer Agreement.

12

74. COAF demanded that Tiffany Springs Fenton repurchase the Receivables under the Dealer Agreement.

75. COAF has performed all its obligations under the Dealer Agreement.

76. Tiffany Springs Fenton refused to honor its contractual obligation to repurchase the Receivables thereby materially breaching the Dealer Agreement.

77. Tiffany Springs Fenton also breached Paragraph 6 of the Dealer Agreement.

78. Paragraph 6 allows Capital One to charge Tiffany Springs Fenton for any indebtedness of Tiffany Springs Fenton to COAF arising from rebates paid by COAF related to Receivables that are pre-paid or terminated prior to maturity.

79. COAF paid such rebates.

80. To date, Tiffany Springs Fenton has not reimbursed COAF for those amounts.

81. COAF has suffered financial damages by the breach because it holds Receivables with higher risk profiles than what COAF had bargained for..

82. COAF was further damaged by Tiffany Springs Fenton's failure to repurchase the Receivables in an amount equal to the total outstanding indebtedness then currently due under the terms of said Receivables.

83. COAF was further damaged by $5,113.52, which Tiffany Springs Fenton has not reimbursed it under Paragraph 6 of its Dealer Agreement.

## PRAYER FOR RELIEF

WHEREFORE, COAF respectfully requests that the Court:

1. Find the respective Defendants liable for each of the separate, individual claims in Counts I-V and enter judgment in favor of COAF on each of those claims;

2. Award to COAF the full amount of its compensatory and consequential damages, in an amount to be determined at trial but in no event less than two hundred fourteen thousand seven hundred thirty-six dollars and eighty-three cents ($214,736.83) against Lee's Summit Fenton;

3. Award to COAF the full amount of its compensatory and consequential damages, in an amount to be determined at trial but in no event less than two hundred seventy-four thousand four hundred ninety-one dollars and forty-two cents ($274,491.42) against Tiffany Springs Fenton;

4. Award to COAF specific performance requiring Lee's Summit Fenton to repurchase each of the Receivables it sold to COAF, identified above, under the terms of its Dealer Agreement within 30 days of the entry of judgment;

5. Award to COAF specific performance requiring Tiffany Springs Fenton to repurchase each of the Receivables it sold to COAF, identified above, under the terms of the Dealer Agreement within 30 days of the entry of judgment

6. Award to COAF its reasonable attorney's fees, interest and costs against the Fenton Dealers; and

7. Any other and further amount this Court deems just and proper.

## JURY DEMAND

COAF demands a trial by jury.

Dated: February 21, 2019

Respectfully Submitted,

BEHR, MCCARTER & POTTER, P.C.

By:     */s/ Joel O. Christensen*
Joel O. Christensen, #62797MO
Timothy W. Rudolph, #68361MO
7777 Bonhomme Avenue, Suite 1400
St. Louis, MO 63105
Telephone: (314) 862-3800
Facsimile: (314) 862-3953
jchristensen@bmplaw.com
trudolph@bmplaw.com
*Attorneys for Plaintiff Capital One, N.A. d/b/a Capital One Auto Finance*

### CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February, 2019, I filed a true and correct copy of the foregoing document with the United States District Court, Eastern District of Missouri, by using the CM/ECF system. Participants in this case, who are registered CM/ECF users, will be served by the CM/ECF system.

*/s/ Joel O. Christensen*